**SO ORDERED.**

**SIGNED this 15 day of September, 2006.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

| IN RE: | CASE NO: |
|---|---|
| RICHARD EUGENE HOWARD AND KATRINA MILLS HOWARD | 06-00675-8-RDD |
| ROBERT TYRONE DUDLEY AND DEBRA MARIE DUDLEY | 06-01106-8-RDD |
| RAYMOND LEE BOONE | 06-01107-8-RDD |
| GLENN ALAN HUTCHINSON AND LISA WINSTEAD HUTCHINSON | 06-01225-8-RDD |
| JUSTIN ALAN GALEAZZI AND SAMANTHA GAIL GALEAZZI | 06-01233-8-RDD |
| WYLIE ROGERS WILLIAMS AND ELOISE BELLAMY WILLIAMS | 06-01258-8-RDD |
| CLAXSTON EUGENE SMITH AND LARENE BATTLE SMITH | 06-01281-8-RDD |
| DAVID MATTHEW JARRETT AND JENNIFER LYNN JARRETT | 06-01369-8-RDD |
| MILTON ROY KELLY AND IDA RUTH KELLY | 06-01376-8-RDD |
| JEFFREY MERRITT AND TERRY MONIQUE MERRITT | 06-01405-8-RDD |
| ADAM RAY BAKER AND SHELIA GAIL BAKER | 06-01411-8-RDD |
| CLYDE CARLTON SPENCE AND KAREN KELLY SPENCE | 06-01464-8-RDD |
| JOHN LEWIS PERRY | 06-01485-8-RDD |
| CHARLES BURNETT JOHNSON AND MARY HESTER JOHNSON | 06-01496-8-RDD |

| | |
|---|---|
| **MICHAEL KEITH WINDERS AND GAYLE LETCHWORTH WINDERS** | **06-01522-8-RDD** |
| **JESSICA LYNN MARKER** | **06-01571-8-RDD** |
| **WILLIAM JOSEPH SMITH** | **06-01624-8-RDD** |
| **WILLIAM RANDY HOWELL AND DEBRA GRIMES HOWELL** | **06-01728-8-RDD** |
| **HAZEL RUTH REID** | **06-01768-8-RDD** |

    **DEBTORS**

## ORDER REGARDING CONFIRMATION

These cases are before the court on the debtors' objections to the trustee's motions for confirmation. On September 12, 2006, the court conducted a hearing in Wilson, North Carolina.

In each of these cases, the debtor filed a petition pursuant to chapter 13 of the Bankruptcy Code. Each of the petitions contains a proposed plan submitted by the debtor. After the meeting of creditors required by 11 U.S.C. § 341, the trustee moved to confirm a plan in each case, most of which proposed plan payments identical to those proposed by the debtor.[1]

Thereafter counsel for the debtors filed an objection to the motion for confirmation in each case. Debtor's counsel objected to the requirement in the trustee's plans that the debtors remain in the plans for a specific period of time. The debtors propose that they be allowed to be discharged from the plan at any time so long as "all allowed secured, priority, administrative claims required to be paid 'inside' the plan, plus any required dividend to nonpriority, unsecured creditors, are paid

---

[1] The court notes that the practice of the trustee's motion for confirmation of plan has been the practice in the Eastern District of North Carolina for many years.

2

in full." [2]  The newly proposed plan terms set out in the objection follow In re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006), which allows debtors to propose plans that may pay little or nothing to unsecured creditors based on the definition of "projected disposable income."  The cases before the court involve debtors both above and below the median family income.  No objections were filed by unsecured creditors.

At the hearing, it became apparent that the debtors and the trustee had reached a compromise regarding the plans pending before the court.  The trustee proffered that he would be submitting an amended motion for confirmation in each case, modifying his originally proposed plan to incorporate the agreed-upon terms.  These modifications would bring the proposed plans into compliance with In re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006).

11 U.S.C. § 1325(b)(1) states

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
> (A)  the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B)  the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

This section requires that, unless the debtor proposes to pay an objecting unsecured creditor's claim in full, the debtor must propose to pay into the plan all of the debtor's projected disposable income for the applicable commitment period.  However, this section only applies if there is an objection to the proposed plan by the trustee or an unsecured creditor.  Based upon the language of § 1325(b) and because there

---

[2] The debtors also objected to the re-vesting of property of the estate in the debtor under certain circumstances.  However, this objection was withdrawn by the debtors for further negotiations with the trustee and therefore is not an issue ripe for decision.

do not appear to be any issues in dispute between the trustee and the debtors regarding confirmation of these plans, the plans to be proposed by the trustee in his amended motions for confirmation must be confirmed, absent an objection to any of the amended plans by an unsecured creditor. However, if any amended plan is objected to by an unsecured creditor, the court will set the objection on for hearing.[3] The court directs the trustee to file and serve upon all required parties in interest and all creditors the amended motions for confirmation for each case setting forth the terms agreed upon by the trustee and debtors' counsel, which terms follow the calculation of "projected disposable income" in accordance with In re Alexander.[4]

**SO ORDERED**.

---

[3] The court recognizes the logistical problems that would result from different opinions regarding confirmation requirements for chapter 13 plans in the Eastern District of North Carolina and has considered those potential problems in rendering this decision. However, the court reserves the right to rule differently if faced with different circumstances, namely a dispute between the trustee and debtor's counsel regarding the amount to be committed to unsecured creditors or an objection to the proposed plan by an unsecured creditor pursuant to 11 U.S.C. § 1325(b).

[4] The court notes that for below-median debtors, the plans should also conform to Judge Leonard's ruling in In re Braswell, No. 06-00318-8-JRL (Bankr. E.D.N.C. August 23, 2006).

**END OF DOCUMENT**